R. P. ROSEMAN & wife ANN L. *v* JACOB PLESS, Administrator of P. I. SHAVER.

An Administrator is guilty of gross *laches,* who sells property on a credit, and takes no other security than the bond of the purchaser.

Action of debt tried before *Cloud,* Judge, at Spring Term, 1871, of ROWAN Superior Court.

The facts of the case sufficiently appear in the opinion of the Court.

*Blackmer & McCorkle,* for plaintiff.
*Baily,* for defendant.

ROSEMAN AND WIFE *v.* PLESS, ADM'R. OF SHAVER.

READE, J. There was but one exception ruled against the defendant, that in regard to the sale of the slave, and upon the ruling, the case is before the Court.

The defendant, as administrator, sold a slave of the estate in May, 1863, and took a bond for the price without surety. The purchaser of the slave became insolvent, and the debt was lost.

In taking the account the administrator was charged with the amount, and he excepted. We think he was properly charged. It is gross negligence in an administrator to sell property on a credit, and take no security other than a bond of the purchaser.

If anything could save the administrator from blame, it would be to prove that the purchaser was entirely solvent; but that is not shown in this case. While the general rule is as stated, it is insisted that the peculiar circumstances of this case ought to relieve the administrator. The slave was sold to the widow of the intestate, and but for the result of the war, which the administrator could not foresee, the estate would have paid all the debts, and the widow entitled to a distributive share, how much does not appear. Slavery was in jeopardy by the war, and was abolished by the result. If the slave had not been sold he would have been lost to the estate; if he had sold the slave for cash, it would have been Confederate money, and would have been lost. These peculiar circumstances strongly inclined me to relieve the administrator, but the other Justices are unanimous, and I yield to the application of the general rule to this case.

There is no error.

PER CURIAM. Judgment affirmed.

NOTE.—Justice *Boyden* having been of counsel, did not sit in this case.